THE DISTRICT COURT OF GUAM

H.P.D. and EKATERINA DOMINGUEZ (for themselves and as a representative for minor H.P.D.),

Plaintiffs,

vs.

U.S. NAVAL HOSPITAL GUAM,

Defendant.

CIVIL CASE NO. 22-00022

**REPORT & RECOMMENDATION**
re Defendant's Motion to Dismiss
(ECF No. 55)

This action, brought under the Federal Tort Claims Act ("FTCA"), alleges medical malpractice occurred at the Naval Hospital Guam ("NHG") when a cesarean section was performed on plaintiff Ekaterina Dominguez. The Defendant moved to dismiss, and the matter was referred to the below-signed judge.[1] Because the Plaintiffs failed to bring this action within six months from the denial of their claim as mandated by the FTCA and finding

---

[1] *See* Order re: Referral, ECF No. 68. In addition to the instant motion, the Chief Judge also referred the United States' Motion for Summary Judgment and the Plaintiffs' Motion to Suppress Deposition Transcript and Motion to Suppress "The Unredacted Government Exhibit B." *Id.* and ECF Nos. 52, and 60-61. In the government's Motion for Summary Judgment, the United States argues that summary judgment in its favor is appropriate because the Plaintiffs have failed to submit any report from a medical expert that supports their allegation that there was a breach in the standard of medical care provided to Mrs. Dominguez. USA's Mot. Summ. J, ECF No. 52. The Plaintiffs' two "Motions to Suppress" seek (1) to exclude her deposition transcript from the court's consideration or at trial because of alleged mistakes in the transcripts and (2) to exclude a medical report referenced as "Unredacted Government Exhibit B," claim that said report was falsified or forged. ECF nos. 60-61. Based on the court's recommendation to dismiss this action on procedural grounds, there is no need to address the three other referred motions since they are rendered moot.

no extraordinary circumstances to justify equitable tolling, the court issues this Report and Recommendation to grant the Defendant's Motion to Dismiss.

## I. BACKGROUND

### A. Factual Allegations in the Complaint

The Complaint, filed on September 22, 2022, alleges that on December 11, 2019, Mrs. Dominguez went to NHG because she was 41 weeks pregnant and wanted to check that the baby's heart was okay. Compl. at 2, ECF No. 1. She was expecting her fourth baby and had seen a doctor just once for an ultrasound at about eight weeks. *Id.* Mrs. Dominguez had previously given birth to three children via vaginal delivery, and while she did not visit any doctors for her third pregnancy, she managed to deliver a healthy baby boy on her own at home in 2016. *Id.*

At NHG, Dr. Richard Temple recommended that Mrs. Dominguez undergo a cesarean section ("c-section") immediately. *Id.* Dr. Temple performed an ultrasound and discovered that the baby was in a breech position. *Id.* The Complaint alleged that an obstetrician, Beth Ernst, performed another ultrasound and found that the baby was in a different fetal position. *Id.* Mrs. Dominguez was confused and felt pressured to have a c-section. *Id.* at 2-3. She refused to have a c-section, but she conceded to Dr. Ernst's recommendation that she stay in the hospital overnight so that she could be monitored. *Id.* at 3.

Mrs. Dominguez also agreed to Dr. Ernst's recommendation that an external cephalic version ("ECV") be performed to turn the baby's head downward from a breech position. *Id.* at 4. Mrs. Dominguez claimed she experienced horrible pain while Dr. Ernst performed the ECV. *Id.* She asked Dr. Ernst to stop the procedure, and Mrs. Domingeuz immediately left the hospital. *Id.*

On December 15, 2019, Mrs. Dominguez returned to NHG when she felt her baby was coming and was experiencing bleeding. *Id.* at 5. The doctors urged her to get a c-section because the baby was still in a breech position. She agreed and ultimately gave birth to a son, H.P.D. *Id.* at 6. Mrs. Dominguez asserted that she suffered postpartum depression because of what she experienced at NHG. *Id.*

*H.P.D. and Ekaterina Dominguez etc. v U.S. Naval Hospital Guam*, Civil Case No. 22-00022
Report & Recommendation re Defendant's Motion to Dismiss
page 3 of 12

**B.    Procedural History**

On February 19, 2020, Mrs. Dominguez received an invoice from NHG for $14,544.17 for the medical care she received. *Id.* at 7 and Attach. 6 thereto.

On March 13, 2020,[2] the Plaintiffs submitted a "Claim" to the Commanding Officer of NHG, expressing her discontent with the medical services she received. *Id.* and Attach. 7 thereto. The Claim asked that the $14,544.17 Invoice be cancelled, that NHG pay the Plaintiffs "$145,441.70 as a compensation," and that Dr. Ernst be removed. Attach. 7 at 6, ECF No. 1 Mrs. Dominguez promised, in exchange, that she would not publicly disclose the details of the agreement and would not file a claim in court. *Id.*

The Plaintiffs asserted that they received "a letter from Tort Claims Attorney Ms. Schlieter"[3] on April 13, 2020, and referenced Attachment 8[4] to the Complaint. Compl. at 7, ECF No. 1. Thereafter, the Plaintiffs received two other invoices from NHG. *Id.* and Attachs. 9-10 thereto.[5]

On July 12, 2020, Mrs. Dominguez wrote a letter to Ms. Schlieter summarizing the claims she previously asserted in her March 13, 2020 Claim. *Id.* and Attach. 12 thereto. The letter requested "compensation" in the total amount of $248,788.19 for alleged "negligence . . . by Dr. Ernst and [NHG] Staff." Attach. 12 at 2-3.

---

[2] The first page of the Claim had a type-written date of December 13, 2020, and a handwritten date of "13 MAR 2020," with what appears to be a signature above said date and the number "1443" below the date. Attach. 7 to Compl., ECF No. 1. The last page of the Claim had a type-written date of 03/13/2020 below Mrs. Dominguez's name. *Id.* at 7.

[3] Ms. Schlieter is an attorney with the Department of Navy's Office of the Judge Advocate General, Tort Claims Unit Norfolk. *See* Ex. D at 2 of USA's Reply, ECF No. 77-4.

[4] Attachment 8 is not a letter from Ms. Schlieter but is instead a Dispute Resolution notice dated May 7, 2020, from the Navy Bureau of Medicine and Surgery ("BUMED"). The notice advised Mrs. Dominguez that after reviewing the case and additional information she provided, BUMED determined that the invoiced amount, including additional interest and penalties, is owed to the agency. Mrs. Dominguez was informed that if she wanted the charges waived, she would have to submit a request to the Secretary of the Navy.

[5] Attachment 9 is an invoice in the amount of $18,763.24 and Attachment 10 is an invoice in the amount of $4,022.49. *See* Compl. at 49-50, ECF No. 1.

*H.P.D. and Ekaterina Dominguez etc. v U.S. Naval Hospital Guam*, Civil Case No. 22-00022
Report & Recommendation re Defendant's Motion to Dismiss
page 4 of 12

On July 28, 2020, the Plaintiffs filed a complaint in the Superior Court of Guam alleging a negligence claim against U.S. Naval Hospital Guam.[6] USA's Reply at 1-2 and Ex. A[7] thereto, ECF No. 77.

Ms. Schlieter drafted a letter to Mrs. Dominguez with a date of October 7, 2020, stating that "[a] review of [Mrs. Dominguez's] medical records shows that the applicable standard of care was met by each of [her] Navy health care providers" and that "[t]he damages alleged did not result from any negligent act or omission on the part of an employee of the Unite States." Ex. D at 2 of USA's Reply, ECF No. 77-4. The letter informed Mrs. Dominguez that her "claim is denied" and that if she did not agree with this decision, Mrs. Dominguez had "six months from the date of mailing of [said] letter to file suit in the appropriate Federal district court."[8] *Id.* On October 14, 2020, the government sent the Denial Letter to Mrs. Dominguez by certified mail. *See* Ex. B to USA's Reply, ECF No. 77-2.

On May 27, 2022, the Superior Court of Guam dismissed the Plaintiffs' complaint that had been filed in said court. *See* Decision and Order, Ex. E to USA's Concise Statement Material Facts in Supp. Mot. Summ. J., ECF No. 53-9.

On September 22, 2022, the Plaintiffs filed the instant action in this court. *See* Compl., ECF No. 1.

Thereafter, the United States filed the instant Motion to Dismiss on August 23, 2024, with the Plaintiffs' Opposition filed on February 22, 2025,[9] and the government's Reply filed on March 10, 2025. *See* ECF Nos. 55, 75 and 77.

---

[6] Gabriel F. Dominguez, the husband of Mrs. Dominguez, was also named as a plaintiff in the Superior Court of Guam complaint.

[7] The complaint filed in the Superior Court of Guam references 15 attachments, but the government's Exhibit A did not include any attachments.

[8] Ms. Schlieter's October 7, 2020 letter shall hereinafter be referred to as the "Denial Letter."

[9] The Plaintiffs were given additional time to respond to the Motion to Dismiss because they were in the process of relocating from Cuba to the mainland. *See* Order, ECF No. 69.

## II. LEGAL STANDARD

The United States asserts this court lacks jurisdiction over this action and moves to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A defendant may raise either a facial or a factual challenge to the court's subject matter jurisdiction under Rule 12(b)(1). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual").

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir.2005).

In a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual attack, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. It also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242 (internal citation omitted). "Where a factual motion to dismiss is made and only written materials are submitted for the court's consideration (*i.e.*, no hearing is held), a plaintiff need only establish a prima facie case of jurisdiction." *Rancheria v. Bonham*, 872 F. Supp. 2d 964, 968 (N.D. Cal. 2012) (citing *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1985)).

## III. ANALYSIS

The United States moves to dismiss the Plaintiffs' claim with prejudice for lack of subject matter jurisdiction, arguing that the Complaint was filed beyond the six-month time limit under the FTCA and that the Plaintiffs are not entitled to equitable tolling. The Plaintiffs' refute this assertion and maintain that their claim was timely filed or argue in the alternative that any delay should be equitably tolled.

A.  **Whether the Plaintiffs' claims are time-barred**

The United States argues that the Plaintiffs failed to timely bring suit for their alleged medical malpractice claims. Under the FTCA, "[a] tort claim against the United States shall be forever barred [(1)] unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or [(2)] unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."[10] 28 U.S.C. § 2401(b). The United States contends that because the Plaintiffs did not meet Section 2401(b)'s deadline, this action must be dismissed.

The Plaintiffs assert that the six-month limitation period should not apply since they never received the Denial Letter. *See* Opp'n at ¶¶ 2 and 7, ECF No. 75. The Denial Letter was addressed to Mrs. Rodriguez with the same postal address noted in the Claim submitted by the Plaintiffs. *See* Denial Letter, Ex. D at 2 of USA's Reply, ECF No. 77-4, and Claim, Attach. 7 to Compl., ECF No. 1. Postal tracking records indicate that the Denial Letter was delivered on October 26, 2020. *See* Ex. D at 3 of USA's Reply, ECF No. 77-4. Nevertheless, the Plaintiffs appear to argue that actual receipt of the Denial Letter is required to trigger the FTCA's six-month deadline.

The Ninth Circuit has rejected this specific argument. *See Berti v. V.A. Hosp.*, 880 F.2d 338 (1988). There, the Ninth Circuit refrained from adopting the plaintiff's proposal that the six-month deadline begins when a claimant receives the certified denial letter. The Ninth Circuit reasoned

> Berti would have this court impose the additional requirement that the mailing result in actual notice to the claimant. Yet, in the face of clear statutory language that begins the running of the statutory period from the date of mailing of a certified or registered letter, [plaintiff]'s request would 'enlarge that consent to be sued which the Government, through Congress, has undertaken to so carefully to limit.'"

---

[10] There is no dispute that the Plaintiffs satisfied the first part of Section 2401(b) when Mrs. Dominguez sent the Claim on March 13, 2020, to the Commanding Officer of NHG, expressing her discontent with the medical services she received. *See* Compl. at 7 and Attach. 7 thereto, ECF No. 1.

*H.P.D. and Ekaterina Dominguez etc. v U.S. Naval Hospital Guam*, Civil Case No. 22-00022
Report & Recommendation re Defendant's Motion to Dismiss
page 7 of 12

*Berti*, 880 F.2d at 340 (quoting *Claremont Aircraft, Inc. v. United States*, 420 F.2d 896, 898 (9th Cir. 1970)). The Ninth Circuit held that "the date of the initial mailing of the properly certified or registered letters begins the six-month statutory period." *Berti*, 880 F.2d at 340.

Here, the Denial Letter was sent to Mrs. Dominguez by certified mail on October 14, 2020. *See* Ex. B to USA's Reply, ECF No. 77-2. Six months from said mailing was April 13, 2021. The Plaintiffs brought the instant action by filing the Complaint on September 22, 2022 – more than one year after the FTCA's limitation period had run. Compl., ECF No. 1. As such, the court finds that this action is time-barred based on the plain language of Section 2401(b) and Ninth Circuit caselaw.

**B.**    **Whether equitable tolling doctrine excuses Plaintiffs' delay**

Because this action was not filed within six months of the Department of Navy's denial, the Plaintiffs' FTCA claim falls outside the limitations period and is subject to dismissal absent equitable tolling. In *United States v. Wong*, 575 U.S. 402 (2015), the Supreme Court held that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *Id.* at 420.

Generally, a plaintiff who seeks equitable tolling bears the burden of showing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1419 (2012)).

> As to the first element, the standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances. Central to the analysis is whether the plaintiff was without any fault in pursuing his claim.

*Wong*, 732 F.3d at 1052 (internal quotation marks, brackets and citations omitted).

With regard to the second element, "a litigant must show that 'extraordinary circumstances were the cause of his untimeliness and . . . made it impossible to file the document on time.'" *Id.* (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)) (brackets omitted).

The Plaintiffs assert that they have been diligent in pursuing their FTCA claim. Mrs. Dominguez maintains that she believed that the May 7, 2020 Dispute Resolution notice from BUMED was a denial of her earlier Claim, so she was prompted to filed a complaint in the Superior Court of Guam on July 28, 2020, to pursue their claim. The Plaintiffs appear to argue that the period of time their Superior Court of Guam action was pending should be considered to equitably toll the deadlines. Initiating such action, however, is not sufficient to excuse the Plaintiffs' failure to comply with the strict requirements under the FTCA.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). Under the FTCA, Congress has waived sovereign immunity for certain tort claims. In pertinent part, the law provides that

> the district courts . . . shall have *exclusive* jurisdiction of civil actions on claims against the United States, for money damages, . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added).

As discussed above, the Plaintiffs first brought suit for the alleged negligence/medical malpractice claim in the Superior Court of Guam. Because the FTCA "vests the federal district courts with *exclusive* jurisdiction over suits arising from the negligence of Government employees," *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir.1992) (emphasis added), the Plaintiffs' initial complaint before the Superior Court of Guam was filed in the wrong forum. Additionally, the Superior Court action was filed prematurely. Under the law,

> [a]n action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency **and his claim shall have been finally denied by the agency** in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added).

The Plaintiffs' Superior Court of Guam action was instituted after a claim had been

presented to the Department of Navy but before said claim had been finally denied by the agency. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). As stated by the Supreme Court

> Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*McNeil v. U.S.*, 508 U.S. 106, 112 (1993). The court finds that the Plaintiffs failed to exhaust their administrative remedies before bringing their lawsuit in the Superior Court of Guam.

The procedural posture of the instant case is similar to the *McNeil* case. There, the plaintiff, proceeding *pro se*, lodged a complaint with the federal court and invoked the FTCA, "alleging that the United States Public Health Service had caused him serious injuries while conducting human research and experimentation on prisoners in the custody of the Illinois Department of Corrections." *Id.* at 107 (internal quotation marks omitted). The complaint was lodged four months prior to the petitioner submitting his claim for damages to the agency. *Id.* at 108. Shortly thereafter, the agency denied the claim. *Id.* Less than a month thereafter, the petitioner sent a letter to the district court, along with a copy of the agency's denial of his administrative claim, seeking to pursue his claim. *Id.* Finding that the complaint was filed prior to exhaustion of the administrative action, the district court granted the government's motion to dismiss on the grounds that the complaint was premature. *Id.* at 109. The appellate court affirmed the dismissal. *Id.* The Supreme Court granted certiorari and also affirmed.

The Supreme Court explained that "the narrow question" before it was "whether [said] action was timely because it was commenced when [the plaintiff] lodged his complaint with the District Court . . . or because it should be viewed as having been 'instituted' on the date when his administrative claim was denied." *Id.* at 110-11. Based on the plain text of the law, the Supreme Court stated

*H.P.D. and Ekaterina Dominguez etc. v U.S. Naval Hospital Guam*, Civil Case No. 22-00022
Report & Recommendation re Defendant's Motion to Dismiss
page 10 of 12

> The text of the statute requires rejection of the first possibility. The command that an "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail" is unambiguous. We are not free to rewrite the statutory text.

*Id.* at 111 (quoting 28 U.S.C. § 2675(a)) (omission in the original). As to whether the Court should treat the plaintiff's subsequent receipt of the agency's formal denial letter as the event that "instituted" his action, the Supreme Court founds the plaintiff's arguments "unpersuasive." *Id.* at 112. The Supreme Court further stated that

> given the clarity of the statutory text, it is certainly not a "trap for the unwary." It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent. Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held that some procedural rules must give way because of the unique circumstance of incarceration, *we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.* As we have noted before, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.

*Id.* at 113 (internal quotations marks and citations omitted) (emphasis added). Thus, based on the plain language of Section 2675(a) and the Supreme Court's holding in *McNeil*, the pendency of Plaintiffs' action in the Superior Court of Guam does not toll the procedural requirements of the FTCA.

The Plaintiffs appear to also argue that their lack of legal training should excuse their error in bringing the initial complaint in the wrong forum and their failures to comply with the FTCA deadlines set forth in Sections 2675(a) or 2401(b). However, "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

While Mrs. Dominguez now asserts that she lacks legal sophistication, her filings reflect that she claims she is a "high[ly] educated person (PhD of Law)." *See* Compl. at 7, ECF No. 1, and Attachs. 5 and 7 thereto. While she may be not be authorized to practice law in the United States, even the Superior Court of Guam judge notified Mrs. Dominguez that

he may not "have jurisdiction over the federal government" and that she "might be in the wrong courthouse." Gov't Reply at 4-5 and Ex. E[11] thereto, ECF No. 77. The judge warned Mrs. Dominguez that "when you sue a government, or a government entity, that kind of gets complex[,]" and that "there's all kinds of really complicated rules about how [you serve the government]." Scheduling Conf. Tr. at 2-3, *H.P.D. et al. v. U.S. Naval Hospital Guam*, Superior Court of Guam Case No. CV0535-20 (Feb. 25, 2021), Ex. E to Gov't Reply, ECF No. 77-5. The Superior Court judge encouraged Mrs. Dominguez to "talk to a lawyer" because "when your skill level stops[, . . .] you have to call in the professionals." *Id.* at 2 and 4. Had the Plaintiffs followed the advice given by the Superior Court of Guam judge in February 2021, they may have been able to save their claim and timely file their suit in this court, but they did not.

The Plaintiffs were cautioned twice about where they should bring their FTCA claim. The first warning was in the Denial Letter mailed in October 2020 which informed Mrs. Dominguez that she had six months to "file suit in the appropriate Federal district court." Ex. D at 2 of USA's Reply, ECF No. 77-4. The second warning was on February 25, 2021, when the Superior Court Judge notified her that she may have filed in the wrong court. Such warning was given almost two months before the April 13, 2021 deadline for filing under Section 2401(b). The court finds that the Plaintiffs were not diligent in pursuing their claim of negligence or medical malpractice. Additionally, the Plaintiffs have not met their burden of showing that some extraordinary circumstance caused their delayed filing or made it impossible to file their claim in a timely manner in this court.

## IV.    CONCLUSION

The Plaintiffs did not comply with the procedural requirements of the FTCA, so this court lacks jurisdiction over the action. Based on the above discussion, the court finds that the Complaint falls outside the limitations period of Section 2401(b) because it was not filed

---

[11] Exhibit E is a transcript of a scheduling conference in the Plaintiffs' Superior Court of Guam action held on February 25, 2021.

within six months of the Department of Navy's denial of the Plaintiffs FTCA claim. Additionally, the court cannot equitably toll the period of time from when the Plaintiffs' suit in the Superior Court of Guam was pending because said action was filed in the wrong forum and was premature since that complaint was filed before the Plaintiffs' Claim had been finally denied by the agency. The court further finds that the doctrine of equitable tolling does not apply to save the Plaintiffs' untimeliness because the Plaintiffs were not diligent in pursuing their claims nor have they demonstrated that extraordinary circumstances prevented them from timely filing in this court. Accordingly, the court recommends the Chief Judge grant the United States Motion to Dismiss this action without leave to amend because amendment would be futile. Based on said recommendation, the court further recommends that the three other motions referred to the undersigned be deemed moot. *See* footnote 1 *supra*.

IT IS SO RECOMMENDED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Jul 18, 2025

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**